UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:16-cr-00204 |
| Plaintiff, | ) ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| DEANGELO O. SMITH, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) ) | (Resolving Doc. 106) |

This matter is before the Court on the *Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2)* (Doc. 106) (the "Motion") filed by Defendant Deangelo Smith ("Smith"). The United States of America has not responded to the Motion.

For the reasons stated below, the Motion is DENIED.

**I.    BACKGROUND**

A federal grand jury charged Smith with three counts of armed bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2 (Counts One - Three). Doc. 12. The United States Attorney later charged Smith with an additional count of Hobbs Act Robbery, aiding and abetting, in violation of 18 U.S.C. § 1951(a) (Count Six). Doc. 40. Pursuant to a plea agreement, Smith pled guilty as to Counts One, Three, and Six. Doc. 43.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 67. The PSI indicated Smith had a total offense level of 27 and a criminal history category of II, therefore his advisory guideline range was 78–97 months. Doc. 67 at p. 14, ¶ 79. The Court ultimately sentenced Smith to a term

1

of 120 months' imprisonment for Counts One, Three, and Six; Count Two was dismissed. Doc. 70.

After Smith's sentencing, the United States Sentencing Commission issued Amendment 821. It is undisputed that Smith's criminal history points would be lower under the Amendment resulting in a reduced advisory guideline range of 70–87 months. Smith now seeks retroactive application of Amendment 821 to reduce his sentence to 110 months.

II.     LAW AND ANALYSIS

   A.  Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) *quoting Dillon v. United States*, 560 U.S. 817, 826–27 (2010).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law,

provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Smith asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, his advisory range is lowered to 70–87 months, as opposed to the 78–97 months used at the time of sentencing. Doc. 106 at 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Smith's total criminal history points were three (3). Doc. 67 at p. 11, ¶ 62. One (1) of those points was the result of a previous criminal conviction under U.S.S.G. § 4A1.1(c). Doc. 67 at p. 10, ¶ 59. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Smith was in violation of state probation, with an active warrant. Doc. 67 at pp. 10–11, ¶¶ 59–61. Smith now

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

argues that the new § 4A1.1(e) would not apply to him because he only received one (1) point under subsections (a) through (d), therefore the total criminal history points under the new guidelines are one (1), with no extra points added due to the offenses taking place while Smith was on probation. The Court finds that Amendment 821 affects Smith's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Smith's case. *See id.* This is first due to the nature of the offenses. *See* 18 U.S.C. § 3553(a)(1). Smith was engaged in schemes to carry out three armed robberies within the span of about one month, including two banks and one gas station, wherein he brandished weapons, pointed them at victims and put their lives in jeopardy, and ultimately took about $15,000. Doc. 67, pp. 6–7, ¶¶ 11–24. The offenses were of a very serious nature – the type that can incite fear in those affected long into the future. Second, Smith's criminal history and the need to deter future criminal conduct play a role in the Court's consideration. *See* 18 U.S.C. §§ 3553(a)(1)-(2). Smith does not have a lengthy criminal history. However, at the time of the underlying offenses he had an active warrant in a case from 2014 wherein he failed to report to probation. Doc. 67, p. 10, ¶ 59. He failed to report to probation twice in that case, indicating he lacks respect for the law and is not easily deterred from criminal conduct. Doc. 67, p. 10, ¶ 59. Last, Smith's conduct during these offenses impacted the public – businesses, their employees, and customers were all affected by his and his accomplices' actions. *See* 18 U.S.C. § 3553(a)(2); Doc. 67, p. 7, ¶ 25.

Given the facts and after consideration of the nature and circumstances of the offenses, Smith's history, and the need for the sentence imposed to protect the public and offer adequate deterrence, the Court finds a reduction to Smith's 120-month sentence is not warranted. The

Court's imposition of the 120-month sentence was sufficient but not greater than necessary, and if sentenced today with a two-point reduction to the sentencing range pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2)* (Doc. 106) is DENIED.

Date: March 15, 2024 /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE